GEORGE HAMILTON, Appellant, *v.* JOHN FORSYTH, Respondent.

*Plaintiff called as a witness for defendant — defendant may not go to the jury on the question of plaintiff's credibility.*

The defendant in an action made the plaintiff his witness in regard to the transactions connected with a check, and proved by him what the check was given for, and that the check and the transactions connected with it were not material to the issues formed by the pleadings, and the evidence of the plaintiff in that respect was not contradicted.

*Held*, that the justice before whom the action was pending was authorized to sustain the plaintiff's objection to the introduction of the check in evidence, and that the defendant had no right to go to the jury on the question as to the credibility of the plaintiff's testimony.

APPEAL by the plaintiff, George Hamilton, from a judgment of the County Court of Ulster county in favor of the defendant, entered in the office of the clerk of the county of Ulster on the 10th day of January, 1894, rendered upon the decision of the court reversing the judgment of a justice of the peace of the city of Kingston, Ulster county.

*John D. Eckert*, for the appellant.

*Charles F. Cantine*, for the respondent.

PUTNAM, J.:

The respondent claims that the judgment of the justice was properly reversed by the County Court on account of the alleged error of the justice in excluding the check for four dollars and fifty cents, dated March 26, 1891, offered in evidence by the defendant on the trial. That if said check had been received it would have shown a

payment of four dollars and fifty cents by defendant to plaintiff on March 26, 1891 — and a cash payment of twenty-five dollars in the same month being admitted — such payments would have tended to show that plaintiff's claim that he commenced work for the defendant on March 9, 1891, was untrue, as in that case, no sum would have become due to plaintiff until April 9, 1891.

But the only evidence in the case in regard to the check was that introduced by defendant. He proved by plaintiff, whom he (defendant) made his witness in that regard, that the check in question was given for three days' work done prior to March 9, 1891. The defendant was afterwards sworn and did not contradict plaintiff's testimony, but rather corroborated it. Hence, the defendant proved that the check in question was for work done prior to the alleged hiring, and such being the case it was properly excluded by the justice.

Had the defendant in the first instance proved the check in question by another witness than the plaintiff, and the latter as a witness on his own account had testified that said check was given for work done prior to March 9, 1891, doubtless the defendant would have had the right to go to the jury as to the credibility of plaintiff's testimony, even if such statement of the plaintiff had not been denied on the trial. But defendant chose to make the plaintiff his own witness in regard to the check, and proved by him what the check was given for, and that it was not material to the issues formed by the pleadings, and his evidence not being contradicted, the justice was authorized to sustain plaintiff's objection to the introduction of the paper.

But were it otherwise, it may be doubted whether the error of the justice, if any error there was, in excluding the paper in question, was one which in any manner harmed the defendant. The facts that the check would have shown, if introduced, seem to have been proved by the evidence in the case. The plaintiff testified : "This check was given to me for day's work done before March 9, 1891, for Mr. Forsyth; for three days' work at $1.50 per day." Defendant testified : "This check of March 26, 1891, is for three days' work at $1.50 per day." The above-quoted testimony was not stricken out, but remained in the case, and showed that on March 26, 1891, defendant gave to plaintiff a check for three days' work,

at one dollar and fifty cents per day. The check if introduced would have shown no more.

The judgment of the County Court should be reversed, with costs.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment of County Court reversed, and judgment of Justice's Court affirmed, with costs of appeal to the County Court and to this court, with printing and other disbursements.