(128 App. Div. 141.)
## CLANCY v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Division, Second Department.    October 16, 1908.)

1. MASTER AND SERVANT — DEATH OF SERVANT — CONTRIBUTORY NEGLIGENCE— OPERATION OF RAILROAD.

Where deceased, defendant's track foreman, was struck and killed at night by the tender of an engine operated backwards at a cross-over switch, where deceased had a right to be, there being no light on the tender, but distracting noises of a passing freight train, deceased was not negligent as a matter of law.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1089–1132.]

2. SAME—NEGLIGENCE.

The operation of an engine backwards at night without a light on the tender, when it was so dark as to make such a light necessary, resulting in the death of a track foreman, would constitute negligence on the part of the railroad company, if it failed to furnish a sufficient light, or if its superintendent knowingly sent the train out backwards without such a light.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 215.]

3. SAME—FELLOW SERVANT.

If defendant furnished a light for use on the tender of an engine at night while it was being operated backwards, but the light was not used at the time deceased, a track foreman, was run over and killed, the negligence of the operatives of the engine in failing to use the light was that of decedent's fellow servants.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 500.]

4. SAME—OPERATION OF TRAINS.

Defendant railroad company operating a double-track road and permitting a train which would ordinarily occupy the right-hand track to be operated over the left-hand track in order to avoid an obstructing freight train, was not liable for the death of a track foreman, struck and killed by the train so operated, where such train as ordinarily operated would have been in the place where decedent was killed at the time of the accident.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, § 215.]

5. NEGLIGENCE—INSTRUCTIONS.

In an action for death resulting from negligence, the court's charge should inform the jury what acts or omissions they may find to constitute negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, Negligence, § 358.]

6. EVIDENCE—CONCLUSIVENESS ON PARTY.

Plaintiff was not bound by the testimony of defendant's engineer, because plaintiff called and examined him as a witness, as a party is only bound by evidence found to be true, whether of his own or the other party's witnesses.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, § 2440.]

Appeal from Trial Term, Westchester County.

Action by Elizabeth Clancy, as administratrix of the estate of Patrick Clancy, deceased, against the New York, New Haven & Hartford Railroad Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, defendant appeals. Reversed, and new trial granted.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR. and MILLER, JJ.

Henry W. Taft (Arthur C. Patterson, on the brief), for appellant. Michael J. Tierney, for respondent.

GAYNOR, J. The defendant ran special fishing trains from its Central Station in New York City eastward to a station also within the city limits, called Bartow, and return, to carry persons who went fishing in waters of Long Island Sound. The return trains were run out to Bartow empty from an intermediate place called Oak Point; and as they came near Bartow Station they crossed over to the return track by a crossover, and then ran into the station. The engines that pulled them ran backwards, tender first, for the reason that there was no turntable at Bartow; and when they stopped at the station the engines would cut loose, cross over to the other track, run back and cross over again to the track they came from and hitch on to the trains at the other end and haul them back into the city. On this night there was a freight train in the way between Oak Point and Bartow, and the return train did not run out from Oak Point on the right hand track, as was the regular way, but crossed over and ran out on the other track in order to get by the freight train; a thing constantly done in railroad operation to get by an obstruction ahead. This was done by written order of the superintendent in charge of the moving of trains. The train ran over the plaintiff's intestate and killed him as it was about two car lengths from Bartow Station. It was running alongside the freight train at the time, which was struggling along upgrade, its engine laboring and puffing. The deceased was track foreman of that same stretch of track, and it was his duty to spike the switch at the said crossover which the train would have passed over to get upon the return track if it had come out by the right hand track.

The defendant had the right to run the train out by the left hand track as it did; but that does not matter, for if it had run it out on the right hand track the case would be no different, for it would have crossed over to the other track before coming into Bartow Station and been going along that track just as it was when it hit the deceased between the crossover and the station. The deceased cannot be said to have been guilty of contributory negligence as matter of law, if there was no headlight on the tender that hit him, especially if the noise and distraction of the passing freight train be considered. On the other hand, there is no foundation for a question of the negligence of the defendant, unless whether it furnished a sufficient headlight or lantern for the tender to enable the deceased and other track employés to see the tender coming in the darkness, if it was so dark as to make such a light necessary; or unless the superintendent knowingly sent the train out backwards without such a light, for the action is brought under the employer's liability act. If it furnished a light and it was not used, that would be the negligence of a fellow servant. There is evidence that there was no headlight or lantern on the tender, but that question was not submitted to the jury, and the case seems not

to have been tried on that theory. The jury were left free to find negligence from the fact of the train running out to Bartow on the left hand track; and that was not permissible. In fact the charge did not inform the jury what act or omission they might find to be negligent, as a charge always has to. A mere legal essay does not suffice; a specific and concrete instruction as to the fact or facts on which, if found, negligence may be based, is requisite.

As the case is to be tried over, it is not amiss to say that the instruction to the jury at the defendant's request that the plaintiff was bound by the testimony of the engineer of the train for the reason that it called and examined him as a witness, was erroneous. A jury or court is not obliged to accept the evidence of a witness as true against a party for the reason that he was that party's witness. There is no such rule. The jury or court is free to discredit his evidence whoever called him. A trial is a search for the truth. A party is only bound by evidence which is found to be true, whether of his own witnesses or the other party's witnesses.

The judgment should be reversed.

Judgment and order reversed, and new trial granted; costs to abide the event. All concur.