BECKER v. HART et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. EVIDENCE (§ 591*)—WEIGHT AND SUFFICIENCY—CONCLUSIVENESS ON PARTY INTRODUCING EVIDENCE.

A party calling a witness vouches for his general credibility, and not merely as to the matter concerning which he inquires.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2440–2443; Dec. Dig. § 591.*]

2. TRIAL (§ 140*)—QUESTIONS OF LAW OR FACT—WITNESSES—CREDIBILITY.

Where plaintiff and her son were called by defendants and testified on cross-examination that plaintiff was a bona fide holder of the note sued on, the court was not required to submit plaintiff's status to the jury because she and her son were interested witnesses.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 335; Dec. Dig. § 140.*]

3. BILLS AND NOTES (§ 427*)—PAYMENTS AFTER TRANSFER.

Where defendant made payments on a note to L. after he had transferred the note to a bona fide holder for value before maturity, and without insisting on L.'s production thereof or some proof that he was still the holder, they were not entitled to credit for such payments as against the holder.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1240–1242; Dec. Dig. § 427.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Queens County.

Action by Josephine Becker against Frieda Hart and another. From a judgment for plaintiff and from an order denying a new trial, defendants appeal. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Wm. Victor Goldberg, for appellants.

Abr. A. Silberberg, for respondent.

JENKS, J. This is an appeal by the defendants from a judgment entered upon a directed verdict for the plaintiff in her action against the makers of a promissory note. The plaintiff alleged that she was a bona fide holder for value before maturity. The defendants admitted the making, indorsement, and delivery of the note, but denied that allegation of the plaintiff and pleaded payment. The defendants, taking the affirmative, attempted to show that the note came lawfully into the hands of Levy, to whom they paid the note, and that the note was abstracted from the possession of Levy, who is dead, by his employé, and given to the latter's mother, this plaintiff.

The defendants insist that the learned court erred in its refusal to submit to the jury the question of the status of the plaintiff, for the reason that it was established, if at all, solely by the testimony of the plaintiff and her son (of whom both were interested witnesses), and the proposition is that the credibility of such testimony must have been submitted to the jury. I think, that, if this testimony had been adduced by the plaintiff and her son as witnesses for the plaintiff, the court should have submitted the question to the jury under the rule as stated and limited in Hull v. Littauer, 162 N. Y. 569, 57 N. E. 102, and Second Nat. Bank v. Weston, 172 N. Y. 250, 64 N. E. 949. But both witnesses were called by the defendants, who therefore cannot now contend that the credibility of such witnesses must have been submitted to the jury. Hamilton v. Forsyth, 77 Hun, 578, 28 N. Y. Supp. 1016; Hankinson v. Vantine, 152 N. Y. 20, 27, 46 N. E. 292. I think that the application of this rule is not affected by the fact that the testimony as to the time of the acquisition of the note was first elicited upon the cross-examination of the witnesses. I think that the party who calls a witness vouches for his credibility in general, and not as to the matters as to which he alone makes inquiry. Wigmore on Evidence, p. 1041, says:

"The guaranty of credibility (if there is one at all) must relate to the witness' general personal trustworthiness of disposition and emotion, not to the correctness of specific statements of fact; since the latter, as is universally conceded (ante, § 907), may always be shown to be untrue. The guarantee is of the continuing, single quality of trustworthiness, and is therefore inseparable; it either is made or is not made, and it cannot be construed as existing for some statements and not for others."

Although the defendants gave testimony tending to show payments to Levy to be applied upon the note, it also appeared from their testimony that Levy did not produce the note on the occasions of payment, but said that he had mislaid it, that he could not find it, that he would hunt for it and produce it, but that he never did so. When

the court directed the verdict, there was before it the testimony of the plaintiff and her son, both witnesses called by the defendants, that the son came to the mother shortly after the making of the note and said that her employer, Levy, would sell the note for $1,000, which was then paid by the plaintiff to her son, who gave the money to Levy, but transferred the note to the plaintiff, who has ever since been the holder thereof. The court was not required to present the question of payment to the jury, inasmuch as the contention was that these payments were made to Levy as the owner of the note (not as the representative of the plaintiff), without any proof tending to show that he was then the holder thereof, and there is no proof that the moneys thus paid ever came into the hands of the plaintiff. If the testimony of the plaintiff and her son were true, then the payments, if made, were made to Levy after he had parted with the note to a bona fide holder for value and before maturity. The defendants may suffer in that they did not protect themselves by insisting upon the production of the note, or by some proof that Levy was then the holder thereof, but that is their fault.

I think that the judgment must be affirmed, with costs.

All concur; GAYNOR, J., in separate memorandum.

GAYNOR, J. (concurring). The plaintiff made out a case by putting the note in evidence. The burden was on the defendants to prove their pleaded defense that they had paid the note to the prior holder, and that the plaintiff received the note of him with knowledge of such payment. As no evidence thereof was given the plaintiff was entitled to a verdict. There was no question of credibility of any witness in the case; and I do not feel ready to assent to the proposition, not involved in the case, that simply because a party calls the adverse party, or an interested, hostile or biased witness, he thereby takes away from the jury the question of what, if any, credence or weight is to be given to the evidence of such adverse party or witness. By calling a witness a party vouches for his character to this extent only, viz., that he is not permitted to impeach him, as by showing that he has committed crimes, or by calling witnesses to blacken him as of a generally bad character, but he is entirely free to question the truth or credibility of his evidence. Clancy v. N. Y., N. H. & H. R. Co., 128 App. Div. 141, 112 N. Y. Supp. 541. I am aware that loose and inadvertent expressions to the contrary are to be found, but importance should not be attached to them, and especially by a court like this.