CLANCY v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Division, Second Department.   June 4, 1909.)

1. TRIAL (§ 177*)—MOTIONS FOR DIRECTED VERDICT—MOTION BY BOTH PARTIES —EFFECT.

Where, at the close of the evidence, both parties moved for a directed verdict, without a request to go to the jury on the question of damages, the court might determine all the issues, including the question of damages.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 400; Dec. Dig. § 177.*]

2. APPEAL AND ERROR (§ 204*)—RULINGS ON EVIDENCE—REVIEW.

An objection to the admission of evidence, not raised in the trial court, and which could have been obviated in the trial court, will not be considered, especially where there was evidence to support the verdict, not brought out in the manner objected to.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1258–1280; Dec. Dig. § 204.*]

3. DEATH (§ 99*)—EXCESSIVE DAMAGES.

A verdict of $18,000 for the negligent death of a man 40 years of age, in good health, earning $2.30 per day, with extras, leaving a wife and three children, between two and seven years of age, is not excessive.

[Ed. Note.—For other cases, see Death, Cent. Dig. §§ 125–130; Dec. Dig. § 99.*]

Appeal from Trial Term, Westchester County.

Action by Elizabeth Clancy, as administratrix of Patrick Clancy, deceased, against the New York, New Haven & Hartford Railroad Company.   From a judgment for plaintiff, and from an order denying a motion for a new trial, defendant appeals.   Affirmed.

See, also, 128 App. Div. 141, 112 N. Y. Supp. 541.

Argued before WOODWARD, JENKS, GAYNOR, MILLER, and BURR, JJ.

Henry W. Taft (Arthur C. Patterson, on the brief), for appellant.
Michael J. Tierney, for respondent.

WOODWARD, J.   Upon a former appeal in this case a judgment in favor of the plaintiff was reversed, not because there was not evidence upon which the jury might properly have found the necessary facts, but because the question of the defendant's negligence, upon the only evidence which would support the verdict, was not submitted to the jury.   After pointing out that the question of defendant's negligence depended upon whether a sufficient light was provided, this court said:

"There is evidence that there was no headlight or lantern on the tender, but that question was not submitted to the jury, and the case seems not to have been tried on that theory."

Upon the present trial the same evidence, with some additional testimony, appears to have been produced by the plaintiff, and at the close of the evidence both parties moved for the direction of a verdict, and the learned trial court directed a verdict for the plaintiff for $18,-000.   Counsel for defendant merely noted an exception, without ask-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ing to go to the jury upon any question, and upon this appeal, while conceding the general rule in respect to the effect of a verdict directed at the request of both parties, insists that it was error for the court to assess the damages. If defendant wanted the jury to assess the damages, a request to go to the jury upon that question would have presented the matter to the court; but this was not done, and no authority is presented which holds that the question of damages is any different from any other question of fact, when the entire issue is, by consent, left to the trial court.

We are of the opinion that the highly technical objection urged against the testimony of the witness Bast is not entitled to very serious consideration, especially in view of the fact that the defendant submitted the questions of fact to the court by its motion for the direction of a verdict. This witness appeared on the former trial, and upon this trial plaintiff's counsel asked him if he testified on the former trial to certain facts, with a view to bringing out the same evidence, and the witness said he did. The objection urged was that it was "incompetent, irrelevant, and immaterial, and not in contradiction of anything that this man has said." This was overruled, and the defendant excepted. The objection now urged is that there is no evidence of a lack of the lantern, or of its insufficiency, because this witness, asked as to what he testified to on the former trial, was not also asked if what he then testified to was now true. A statement of the situation seems to carry with it its own answer. It was not open to any of the objections then urged, and the objection now suggested could have been easily remedied, if it had been called to the attention of the court. Moreover, there is evidence to support the verdict which was not brought out in this manner.

The question of contributory negligence is not differently presented from what appeared upon the former appeal, and we then said that the—

"deceased cannot be said to have been guilty of contributory negligence as matter of law, if there was no headlight on the tender that hit him, especially if the noise and distraction of the passing freight train be considered."

Moreover, the plaintiff's intestate, while knowing the fact that trains were sometimes run on the adverse track, was in a position to be giving his greatest attention in a different direction, and this the jury had a right to take into consideration. We think the case was fairly tried, and, while the verdict seems large, it is not to be measured entirely by the dollars the decedent could earn. He had a wife and family— three children between two and seven years of age. The pecuniary value of a father to his family is not just the dollars he brings in. He has a value to them of a pecuniary nature, in the practical training which he may give them, and, besides, a man at 40 years of age, in good health, earning $2.30 per day, with extras, is not necessarily confined to that earning capacity for life. He may have capacity far beyond what he has yet attained to, as we often see manifested.

The judgment and order appealed from should be affirmed, with costs. All concur.