except as provided by statute. The state has a right to acquire the property of the individual without any notice whatever, provided he has an opportunity for a full and fair hearing on the question of compensation. The statutes under which the canal lands were originally acquired contained no provision for serving notice upon the owner in any manner. 1 R. S. 220, § 16; Laws 1835, c. 274, § 5. The constitutionality of these and similar acts has been asserted in People v. Adirondack Railway Co., 160 N. Y. 225, 240, 241, 54 N. E. 689.

The only notice which the owners were entitled to have of the appropriation itself is such as is provided by statute, and the constitutional rights of these owners were not invaded by the provision that the notice might be filed in the county clerk's office. Upon such filing the appropriation was complete, and the plaintiff had a right to prosecute his claim for such appropriation by the state, against which, so far as these later appropriations are concerned, his true remedy lies, and not against this defendant.

The complaint should be dismissed upon the merits, with costs.

CROGHAN v. HEDDEN CONST. CO.

(Supreme Court, Appellate Division, Second Department. December 15, 1911.)

1. APPEAL AND ERROR (§ 171*)—REVIEW—CHANGING THEORY ON APPEAL.

Where, in an action for the death of a servant, the court's charge that the negligence of a fellow servant was the proximate cause of the accident was not objected to, and the theory that such person was a vice principal was not affirmatively presented, the theory cannot be asserted on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1053–1069, 1161–1165; Dec. Dig. § 171.*]

2. MASTER AND SERVANT (§ 190*)—LIABILITY FOR INJURY TO SERVANT—NEGLIGENCE OF FELLOW SERVANT.

Where a person was a mere member of a gang of laborers, the fact that he was assigned the duty of giving the signals for the raising and lowering of an elevator will not make him a superintendent, so as to render the company liable for the death of a fellow servant by an accident proximately caused by his negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 449–474; Dec. Dig. § 190.*]

3. MASTER AND SERVANT (§ 105*)—LIABILITY FOR INJURIES TO SERVANT—DEFECTS—APPLIANCES.

An employer is not relieved from liability for an injury caused by its method of operating a hoisting device, although it was operated in the manner at the time in the particular locality by other constructing firms, as use of a dangerous device by others would not excuse the employer.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 185–191; Dec. Dig. § 105.*]

Appeal from Trial Term, Westchester County.

Action by Mary Croghan against the Hedden Construction Company. From a judgment for defendant and an order denying a mo-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion for a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Thomas J. O'Neill (L. F. Fish, on the brief), for appellant.
Edward J. Redington, for respondent.

WOODWARD, J. Plaintiff's intestate, a man of 23 years of age, was employed in November, 1909, as one of a gang of laborers engaged in unloading mortar and bricks from an elevator used in the construction of a 20-story building in the city of New York. The hoist was an open platform elevator. The shaft was closed on two sides upon each floor, and on the other two sides bars were erected, one about six feet high and the other about midway between the upper bar and the floor, this latter being removed while the materials, carried in wheelbarrows, were being unloaded. On the fifth floor of the building, at the time of the accident, some building stones had been placed near the south side of the elevator shaft, which was one of the open sides, and these were so near the opening that there was a space of only from 9 to 18 inches between the open shaft and the stones, and it was claimed by the plaintiff that her intestate had been ordered by the defendant's superintendent to take a place upon this narrow space and to await the coming of the elevator with the materials, and to take them off by stepping upon the elevator at the south side and wheeling them off to the north side. It seems that several trips of the elevator had been made to the fifth floor, where plaintiff's intestate had performed his work, and that at the particular trip where the accident occurred one Flynn had signaled from the ninth floor that he needed materials, and one Gallagher, who appears to have been a foreman of the particular small gang in which the plaintiff's intestate was at work, gave a signal to the engineer to take the load on up; that for some reason the engineer halted the load at the fifth floor for a moment, and then started it rapidly on its journey to the ninth floor without giving warning; and that the plaintiff's intestate, in attempting to get onto the platform to wheel off the barrow, in some way lost his balance, and fell to his death down the shaft.

The learned trial court submitted to the jury the question of whether Davis, the superintendent, had in fact given the order for the plaintiff's intestate to take a place between the stones and the edge of the elevator shaft, this being in dispute, upon the theory that this would constitute negligence on the part of defendant's superintendent, and charged that the act of Gallagher in giving the signal for the engineer to carry the load to the ninth floor was the act of a fellow servant, for which the master was not liable, although this act of negligence, if it was merely a contributing negligence, could not operate to defeat a recovery if the alleged negligence of the superintendent in giving the order to take a position near the shaft was a proximate cause of the injury. This was practically charged again, though

in a different aspect, at the request of the plaintiff's attorney, who declared that:

"In order to clear up this entire situation, I ask your honor to charge the jury this: That if the jury find that the defendant's method of operating the hoist required or permitted the men to go upon the hoist, and if the jury finds that it was a negligent method, then the defendant is guilty of negligence, even if the negligence of Gallagher concurred in causing the injury."

And the court responded:

"I so charge if they find such negligence was the proximate cause of the accident."

Plaintiff's counsel said, "If it concurred with it and helped to cause it;" and the court responded, "Yes."

[1] Upon this appeal plaintiff urges that Gallagher was the superintendent of the defendant, and that his act in signaling the engineer to carry the load to the ninth floor was the proximate cause of the accident, but this theory was not presented upon the trial. The charge of the court in respect to Gallagher's relation to the accident was not questioned, and it is too late to urge it now, even if it had merit.

[2] But it is without merit. Gallagher was merely a member of a gang of laborers, with the duty assigned to him of giving the signals, and he was entirely lacking in any of the elements of a superintendent, liberal as have been the constructions put upon the employer's liability act in this respect.

[3] We might be of opinion, therefore, that the judgment should be affirmed, except for the fact that the learned trial court erred in its charge to the jury in instructing them that:

"If a manner of operating the hoist was one in common general use at the time in the locality where such operations were going on by many contracting concerns, then it must be held to have been a proper one."

What other contractors were doing might be some evidence of what constituted a proper hoisting device, but a hoisting device which was in fact dangerous to life and limb beyond the reasonable necessities of the work could not as a matter of law be regarded as a proper device simply because others were using the same style of apparatus.

The judgment and order appealed from should be reversed and a new trial granted, costs to abide the event. All concur.