FRANCESCO MARUS, as Administrator, etc., of LOUIS MARUS, Deceased, Respondent, *v.* THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, Appellant.

Second Department, November 18, 1916.

Railroads — negligence — death of brakeman caused by low bridge — negligence in locating "telltales" — question for jury — custom of other railroads — direction of verdict.

In an action against a railroad company to recover for the death of a brakeman upon a fast freight train, who was struck and killed as his train passed under a low bridge in the night time, the question as to whether the defendant had placed the "telltales" which gave warning

of the approach to the bridge at a sufficient distance therefrom to give adequate notice is for the jury.

The defendant may be found negligent in this respect where the "telltales" were placed 247 feet from the bridge so that they only gave seven seconds of warning to a person on a fast freight moving at the rate of twenty-five miles an hour, and who was required to lie down in order to avoid the bridge, which cleared the car by only thirty inches.

The jury were not bound by rules or custom adopted by other railroads in locating such "telltales," although the fact is not contradicted, for, if that were so, railroad companies by adopting a general custom or habit could create a rule of law for their own exemption from liability.

Where, in such action both parties moved for the direction of a verdict, the court had a right to direct a verdict for the plaintiff, especially where the defendant made no request to go to the jury on the amount of damages and contented itself with an exception to the verdict.

APPEAL by the defendant, The Central Railroad Company of New Jersey, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 12th day of January, 1916, upon the verdict of a jury rendered by direction of the court, and also from an order entered in said clerk's office on the same day denying defendant's motion for a new trial made upon the minutes.

The action was under the Federal Employers' Liability Act (35 U. S. Stat. 65, chap. 149, as amd. by 36 id. 291, chap. 143). This court reversed a previous recovery (170 App. Div. 158) on the ground that it was error to submit to the jury any question of negligence on the part of the locomotive engineer in failing to warn deceased of the train's approach to a low bridge crossing defendant's tracks at Elizabeth, N. J.

Decedent was working as head brakeman on a fast freight train bound from Jersey City to Allentown, Penn.— a train which was engaged in interstate commerce. It had taken on additional cars at Elizabethport, and was making not less than twenty-five miles an hour to Elizabeth, where the tracks pass under a bridge of the Pennsylvania Railroad Company. About 247 feet easterly of this bridge was a rope "telltale" bridge guard, the strands of which hung six inches below the top of this bridge opening. Deceased had been last seen by the engineer when about 800 to 1,000 feet from this low bridge, walking forward on the cars, carrying a lamp. It was then after sunset. He was never afterwards seen alive. The broken lamp

was found on top of the coal on the tender; his body was discovered under this bridge with such injuries as would justify the finding that he had been struck and knocked off by contact with this bridge.

On this last trial defendant called three experienced railroad officials, who gave evidence as to the location of warning telltales in general use to show a practice or custom to place them at distances ranging from 200 to 300 feet. At the close of the whole testimony defendant's counsel moved for a verdict, in which plaintiff's counsel joined, whereupon the court directed a verdict for plaintiff for $8,000. Defendant excepted to such verdict as directed, but did not ask to go to the jury on the question of damages. Defendant's motion to set aside the verdict and for a new trial was denied.

*Robert Thorne*, for the appellant.

*Sydney A. Syme*, for the respondent.

PUTNAM, J.:

The equipment of this warning telltale and especially the question whether it left sufficient interval for men on fast trains to get down so as to pass under this abnormally low bridge, were questions for the jury, as this court has already held in this case, following *Wallace* v. *C. V. R. R. Co.* (138 N. Y. 302).

From the rails up to the plate attached to the undersurface of this bridge opening was sixteen feet six and a half inches, leaving for an ordinary freight car a clearance of from twenty-four to thirty inches. The tender, on which deceased's lamp was picked up, measured eleven feet six and a half inches high to its top edge. It did not appear how much at this time the coal rose above the tender. It stands uncontradicted that to go clear under this bridge a person on top of these freight cars has to lie down.

Plaintiff's recovery must depend on sustaining the finding that defendant furnished defective equipment, in that this telltale was too near this bridge to give due warning, in view of the speed of the train and the necessary changes of position of one on top of the cars so as to get wholly beneath the bridge.

The admitted speed of twenty-five miles is nearly at the rate of thirty-seven feet a second, giving seven seconds to drop down and lie flat to clear this bridge safely. And these movements, on the running board of a box car within a thirty-inch vertical space above the car, at night, must be made on a train in quick motion, where one of the brakeman's hands have to keep hold of his lantern. Hence the factors of speed, sufficiency of warnings by the telltale, with the extent of the changes of position so as to drop down into a posture to pass under the bridge, were all questions of fact. The jury were not bound to adopt and follow the methods of locating telltales upon other railroads. Obviously such a warning should hang far enough in advance of the peril to enable the brakeman to get in time into a safe position. Defendant's counsel made no claim of contributory negligence.

Defendant's witnesses generally stated that on two other railway systems besides that of this defendant, also on other lines with which they were acquainted, such telltales were placed at distances away from the bridges of from 200 to 300 feet. This, however, was not a matter of exact measurement. Mr. Hand, a division engineer of the Delaware, Lackawanna and Western Railroad Company, admitted that his road had no bridges in New Jersey whose clearances were lower than three feet. It was not shown that the conditions of this bridge, spanning main lines on which are through fast trains, were duplicated in the other systems mentioned. Such testimony from experts showing the practice of other railroad systems in guarding their employees from danger, though entitled to proper consideration, is not conclusive or controlling. Otherwise incorporated employers, by their general custom or habit of acting, could create a rule of law for their own exemption. There is nothing technical, obscure or involved as to the warning purpose, and, therefore, as to the safe interval which should be placed between such telltales and a dangerous overhead obstruction. (See *Boston & Maine R. R. Co.* v. *Brown*, 218 Fed. Rep. 625.) Hence, although this testimony as to usage of other railroads was not contradicted, the jury were not bound to find this distance of 247 feet a safe one. (*Shannahan* v. *Empire Engineering Corp.*, 204 N. Y. 543; *Evans* v.

*Pearson & Son, Inc.*, 125 App. Div. 666; 194 N. Y. 569; *Schutz* v. *Union Railway Co.*, 181 id. 33, 38.)

As defendant asked that a verdict be directed, in which motion plaintiff's counsel joined, the learned trial court was authorized to direct a verdict for $8,000, especially when defendant made no request to go to the jury on the amount of damages, but contented itself with an exception to the verdict. (*Clancy* v. *New York, New Haven & Hartford R. R. Co.*, 133 App. Div. 119; reversed on other grounds, 201 N. Y. 235.) As no question was made as to excessive damages, defendant's motion for a new trial was rightly denied.

The judgment and order should, therefore, be affirmed, with costs.

Present — THOMAS, CARR, STAPLETON, RICH and PUTNAM, JJ.

Judgment and order unanimously affirmed, with costs.