WILLIAM W. CLINE, Appellant, *v.* NORTHERN CENTRAL RAILROAD . COMPANY and ERIE RAILROAD COMPANY, Respondents.

Third Department, December 28, 1917.

**Master and servant — railroads — negligence — injury to brakeman by catching glove on projecting bolt on car — liability of company for defects in car over which it had assumed control — evidence as to custom in reference to inspection — erroneous charge as to inspection.**

In an action by a switchman against his employer and another railroad company to recover for personal injuries, it appeared that the plaintiff in the course of his duties was engaged in placing a freight car on a switch in the yard of the second defendant; that in removing another car belonging to a third company which had been brought into the yard and placed on the switch by the second defendant, plaintiff went to the top thereof to release the brake and in descending the ladder on the car his glove caught on a projecting bolt and he was thrown to the ground and sustained injuries.

*Held,* that the plaintiff's employer, having assumed control over the car in question for the purpose of removing it, and having directed the plaintiff to work on and about it, was not entitled to a dismissal of the complaint on the ground that it had no control over said car and no opportunity of inspection thereof.

Questions by which the defendants proved, by a number of witnesses connected with various railroad companies, that it was not customary for such companies to give their inspectors instructions to condemn or repair cars on which there were projecting bolts fastening the stiles on a ladder to the car, and that the inspectors did not report such a condition as defective or take measures to have the same repaired, were not entirely free from criticism.    The real inquiry should have been as to the custom of railroad companies in reference to existing projecting bolts on the stile of a ladder.

It was error for the trial justice in charging the jury to tell them that said witnesses of the defendants had testified that they would not regard the condition in question as defective.

A further charge " that the usual and ordinary inspection commonly adopted by other railroads is not negligence " constituted reversible error.

APPEAL by the plaintiff, William W. Cline, from judgments of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Chemung on the 31st day of December, 1914, and the 5th day of January,

1915, respectively, upon the verdict of a jury, and also from an order entered in said clerk's office on the 8th day of January, 1915, denying plaintiff's motion for a new trial made upon the minutes.

Two separate judgments were entered, one dismissing the complaint as to one defendant, the other as to the other defendant.

The plaintiff was a switchman in the employ of the Northern Central Railroad Company. In the course of his duties he was engaged in placing a freight car on a switch in the yard of the defendant Erie Railroad Company in Elmira. A number of cars were already on the switch and it was necessary to remove one in order to make a place for the car which was to be placed thereon. The car so removed belonged to the Wheeling and Lake Erie Railroad Company and was known as No. 20072. It had been brought into the yard and placed on this switch by the defendant Erie Railroad Company. While this car was being removed plaintiff went to the top thereof to release the brake and in descending the ladder at the end of the car his glove caught on a projecting bolt and he was thrown to the ground and sustained serious injuries. At least such was the claim of the plaintiff as to the manner in which the accident happened and so the jury might have found from the evidence. The bolt was on the upright stile or side of the ladder and between the lower rounds thereof and fastened the ladder to the car. The testimony shows that it projected an inch outward from the nut and about an inch and a half from the stile of the ladder.

*John F. Murtaugh,* for the appellant.

*Diven, Turner & Henry* [*A. S. Diven* of counsel], for the respondent Northern Central Railroad Company.

*Stanchfield, Lovell, Falck & Sayles* [*Halsey Sayles* of counsel], for the respondent Erie Railroad Company.

COCHRANE, J.:

The court submitted to the jury the question as to whether this projecting bolt constituted a defective condition of the car in respect to which the defendants were negligent and

whether in the exercise of ordinary care they should have inspected the car and by inspection discovered its dangerous condition. The jury by their verdict have exonerated the defendants from liability and the question on this appeal is whether there is any ruling of the trial justice which necessitates a reversal of the judgments in their favor. The defendants do not contend on this appeal that they were entitled to a dismissal of the complaint as matter of law except that the Northern Central Railroad Company does so contend on the ground that it had no control over car No. 20072, and no opportunity of inspection. Having assumed control over it for the purpose of removing it, and having directed the plaintiff to work on and about it, we think this argument cannot be upheld.

The defendants called a number of witnesses who were connected with different railroad companies and proved by them that it was not customary for such companies to give their inspectors instructions to condemn or repair cars on which there were projecting bolts fastening the stiles on a ladder to the car, and that the inspectors did not report such a condition as defective or take measures to have the same repaired. These questions were not entirely free from criticism for while the defendants had the right to prove general usage and custom as bearing on the question of negligence (*Shannahan* v. *Empire Engineering Corporation*, 204 N. Y. 543; *Croghan* v. *Hedden Construction Company*, 147 App. Div. 631; *Marus* v. *Central Railroad Company*, 175 id. 783), the real inquiry should have been as to the custom of railroad companies in reference to existing projecting bolts on the stile of a ladder. The questions under review merely called for any rule or instructions to the inspectors in reference thereto, and whether the inspectors had reported or condemned such a condition. The testimony was really misleading because it would necessarily have been the same if no car with a projecting bolt had ever existed. The questions did not fairly go to the extent of eliciting the information that when such a condition actually existed it was consciously permitted to continue, and that the inspectors paid no attention thereto, and were not required or expected to do so. But passing this criticism, an entirely

improper application was made of this evidence. The trial justice in charging the jury twice told them that these witnesses of the defendants had testified that they would not regard the condition in question as defective. This was an erroneous interpretation of the testimony and conveyed to the minds of the jury an exaggerated idea of its importance. Such testimony if offered would be incompetent. But more than this, the court further charged the jury on request " that the usual and ordinary inspection commonly adopted by other railroads is not negligence," and to this charge an exception was taken by the plaintiff. The authorities cited make it plain that such evidence is inconclusive and is only received for what it is worth and that the weight thereof is entirely for the jury. This instruction to the jury was clearly erroneous and constituting as it did the last word of the court to them on this question, the error was of sufficient importance to require a reversal of the judgment. For a similar charge the judgment was reversed in *Croghan* v. *Hedden Construction Company* (*supra*) and what was stated by Mr. Justice WOODWARD in his opinion in that case in assigning such an error as the sole cause for a reversal of the judgment is equally applicable here, viz.: " We might be of opinion, therefore, that the judgment should be affirmed, except for the fact that the learned trial court erred in its charge to the jury in instructing them that ' if a manner of operating the hoist was one in common general use at the time in the locality where such operations were going on by many contracting concerns, then it must be held to have been a proper one.' What other contractors were doing might be some evidence of what constituted a proper hoisting device, but a hoisting device which was in fact dangerous to life and limb beyond the reasonable necessities of the work could not, as a matter of law, be regarded as a proper device simply because others were using the same style of apparatus."

The judgment and order must be reversed and a new trial granted, with costs to the appellant to abide the event.

All concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide the event.