Per Curiam.

The trial court inadvertently erred in its charge on the question of burden of proof when it instructed the jury that after defendant had established a theft of the goods from the warehouse it still had the burden of showing that “ the loss was not due to any negligence or want of due care on his part.”
The law is well settled that failure on the part of a bailee to deliver to a bailor his property on demand raises a presumption of liability, but this presumption is prima facie only and may be overcome by evidence. When it appears that the loss was caused by some accident, such as by a fire or a burglary, the onus con *237 tinues upon the bailor to prove that such accident was caused by want of care upon the part of the bailee (Stewart v. Stone, 127 N. Y. 500, 506; Claflin v. Meyer, 75 N. Y. 260, 263; Draper v. President etc., D. & H. C. Co., 118 N. Y. 118; Kaiser v. Latimer, 9 App. Div. 36, 38).
We think too that evidence offered by defendant as to the general practice and custom of warehousemen in the neighborhood of defendant’s warehouse concerning the employment of interior watchmen, and the use of burglar alarm systems, should not have been excluded.
Defendant was confronted with the task of resisting the claim of negligence founded in part upon its failure to maintain at the premises a watchman at all times and to have, installed a burglar alarm system. Accordingly, any evidence which reasonably might show a practice in the same kind of business under like conditions would be competent as tending to establish a standard by which reasonable care might be judged. Such evidence, though not a conclusive test, is nevertheless admissible for what it is worth and its weight is entirely for the jury (Shannahan v. Empire Engineering Corp., 204 N. Y. 543, 550; Storm v. New York Telephone Co., 270 N. Y. 103, 110; Regan v. Eight Twenty Fifth Corp., 287 N. Y. 179, 182; Cline v. Northern Central R. R. Co., 181 App. Div. 203, 206; Marus v. Central R. R. Co., 175 App. Div. 783, 786; 2 Wigmore on Evidence [3d ed.], § 461). The holding in Hodell v. Tower's Stores Inc. (218 App. Div. 572), upon which plaintiff relies is contrary to the well grounded rule in this State (Eichardson on Evidence [7th ed.], § 138; Shannahan v. Empire Engineering Corp., supra).
For the foregoing reasons, we think that the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.
Glennon, J. P., Dobe, Cohn, Callahan and Shientag, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.